Rockingham, }
April 2, 1929. }

## GEORGE FEARS *v.* JOHN NOEL.

*Ernest L. Guptill* and *John L. Mitchell* (*Mr. Guptill* orally), for the plaintiff.

*Hughes & Burns* and *Thomas H. Simes* (*Mr. Burns* orally), for the defendant.

BRANCH, J.   The motion for a directed verdict was properly denied. There was evidence from which it might be found that the accident was caused by the personal fault of the defendant in pounding too hard upon the brick wall so that a large fragment was broken off and fell upon the plaintiff. This fact, if established, precluded the defense of assumption of risk, for the risks assumed by a servant do not include those caused by the personal misconduct of the master. *Wallace* v. *Railroad*, 72 N. H. 504, 514 and cases cited; 4 Labatt, Master & Servant, *ss.* 1479, 1480. "There is no implied contract growing out of the contract of service that the servant shall take the risk of the master's negligence, or that the latter shall be exempt from responsibility to the servant for his own personal wrongs." *Anthony* v. *Leeret*, 105 N. Y. 591, 599. This principle also furnishes the answer to the ingenious argument of counsel that, since the plaintiff and the defendant were working together on the job, they were fellow-servants and that the defendant is not liable in his capacity of master for his negligence as a fellow-servant. It is, therefore, hardly necessary to refer to the well settled rule that "fellow servants owe to each

other the duty to exercise ordinary care and prudence in the transaction of their work, and for failure to do so are liable at common law to each other for resulting personal injury." 7 Labatt, Master & Servant, s. 2592; *Hamel* v. *Company*, 73 N. H. 386, 389. The claim that the plaintiff was guilty of contributory negligence because he did not keep a sharper lookout to see if any loose bricks were likely to fall on him was settled adversely to the defendant by the verdict of the jury.

*Judgment on the verdict.*

All concurred.